UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20732-CIV-KING

HECTOR CORTINA,

    Plaintiff,

v.

F.A.D. DETECTIVE &
SECURITY SERVICES, INC.
and FRANCISCO ALTAMIRANO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendants' Motion for Summary Judgment (DE #15), filed August 8, 2011. Therein, Defendants seek summary judgment, arguing that the Court lacks subject matter jurisdiction to consider a Fair Labor Standards Act ("FLSA") claim. The Court is fully briefed in this matter.[1] Upon careful consideration of the record and the pleadings, the Court finds it must deny the Motion.

I. **Background**

In February 2011, Plaintiff Hector Cortina filed suit in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, seeking damages for Defendants' alleged violations of the overtime and retaliation provisions of the FLSA. Defendants removed the

---

[1] Plaintiff filed a Response (DE #18) on August 25, 2011, to which Defendants replied (DE #19) on September 1, 2011.

above-styled action to this Court on March 3, 2011. (DE #1). On March 16, 2011, Plaintiff amended the Complaint to include a second Plaintiff, Ernesto Marquez. (DE #5). In the First Amended Complaint, Plaintiffs allege that Defendants failed and refused to pay Plaintiffs their correct amount of overtime. (DE #5, at ¶11). Furthermore, Plaintiffs allege they were fired in retaliation for complaining to Defendants about overtime pay. *(Id.* at ¶¶ 22, 27).

A review of the record reveals that the following facts are undisputed. Prior to their termination, Plaintiffs worked as Security Guards for Defendant F.A.D. Detective & Security Services, Inc. ("F.A.D."), a corporation that provides security consultancy, private detectives, and security guards for customers in Miami-Dade County, Florida. Defendant Francisco Altamirano, the Director of F.A.D., is an employer within the meaning of the FLSA. Plaintiff Hector Cortina was assigned to guard grocery stores, including Presidente Supermarket and La Mia Supermarket.[2]

## II.  Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the

---

[2]In his Response, Plaintiff refers to a grocery store he guarded as "Mercado La Nina." Defendants, however, note that the correct name is "La Mia Supermarket," as they do not have any customers by the name "Mercado La Nina." The distinction is immaterial to this Court's analysis.

applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the Parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. Discussion

To establish jurisdiction under the FLSA, a plaintiff must show that either enterprise coverage or individual coverage applies to the instant case. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1359 (S.D. Fla. 2009); *see also* 29 U.S.C. § 207(a)(1). Briefly, enterprise coverage

occurs where an employer has two or more employees engaged in commerce or the production of goods for commerce, while individual coverage exists where the employee himself is engaged in commerce or the production of goods for commerce. In the Motion for Summary Judgment,[3] Defendants argue that the Court lacks subject matter jurisdiction over the instant action because the interstate commerce component of a FLSA action has not been satisfied. (DE #15, at 3).

### A.   Enterprise Coverage

An employer falls under the enterprise coverage provision of the FLSA if it 1) "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and 2) has at least $500,000 of "annual gross volume of sales made or business done." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 203(s)(1)(A)). "If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extend[s] to all of the enterprise's employees." *Id.* The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b) (2006).

In the above-styled action, it is uncontested that the Defendants' business grossed over

---

[3]Defendants' Motion for Summary Judgment addresses only Plaintiff Hector Cortina. In their Reply, Defendants argue, "Any findings with regard to whether the Defendants engaged in interstate commerce will have an estoppel effect concerning all claimants in this case." (DE #19, at 2). Thus, hereinafter, "Plaintiff" refers solely to Plaintiff Hector Cortina.

$500,000 a year to satisfy the second prong of enterprise coverage. (DE #18, at 6). Therefore, the only issue before this Court on Defendants' Motion for Summary Judgment is whether the interstate commerce component necessary for a FLSA action is satisfied.

The party seeking summary judgment "bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). To this end, Defendants argue, "Plaintiff failed to show that Defendants placed any good or materials in commerce or otherwise participated in interstate commerce." (DE #15, at 9). The burden now shifts to Plaintiff to show the existence of a genuine issue of material fact. *Rice-Lamar*, 232 F.3d at 840.

Plaintiff responds by contending that Defendants admitted to the jurisdiction of this Court, as well as to enterprise coverage. (DE #18, at 7). Defendants' claim that there is no evidence they were engaged in commerce stands in direct opposition to Defendants' own Answer and Affirmative Defenses, in which Defendants admitted the following allegation set forth in Paragraph 7 of the First Amended Complaint: "Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in [the FLSA]." (Am. Compl., at ¶7, DE #5); (Answer, at ¶7, DE #7). Furthermore, Defendants admitted they were an enterprise engaged in commerce or in the production of goods for commerce in response to Plaintiff's Request for Admissions. (Request for Admissions, at ¶1, DE #18-3); (Response, at ¶1, DE #18-4).

In their Reply, Defendants again direct the Court to look at the record to conclude that there is no evidence showing that either Plaintiff or Defendants engaged in any interstate transactions. Defendants contend, "even if previous Defense counsel erroneously asserted that this Court has subject matter jurisdiction, once it has been demonstrated that indeed there is no subject matter jurisdiction, that Court must exercise its gate-keeping authority and dismiss the claim. (DE #19, at 5). While Defendants correctly note that the lack of subject matter jurisdiction is a defense that cannot be waived, their assertion that they were not engaged in commerce raises a factual question. *See Dice v. Weiser Security Servs., Inc.,* Case No. 06-61133-cv-Marra, 2008 WL 269513, at *3 (S.D. Fla. Jan. 29, 2008) (finding that Defendant's claim in its cross-motion for summary judgment that it was not engaged in commerce involved questions of fact).

Defendants admitted they were engaged in commerce in both the Answer and in response to Plaintiff's Request for Admissions. Defendants may not avoid this factual admission simply by filing a motion for summary judgment asserting a position inconsistent with its own prior admission. *Id.* "A party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1176–77 (11th Cir. 2009) (citing *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983)); *see also Hill v. Federal Trade Comm'n,* 124 F.2d 104, 106 (5th Cir. 1941) ("Facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them").

Defendants also argue that any admissions concerning interstate activities were made in error by Defendants' previous counsel. The Court finds this argument unpersuasive.[4] *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34 (1962) ("[Plaintiff] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"). Thus, Defendants admitted they satisfied the interstate component of enterprise coverage, giving this Court jurisdiction over the FLSA claim.

**B.    Individual Coverage**

For individual coverage to apply under the FLSA, a Plaintiff must provide evidence "that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see also* 29 U.S.C. § 207(a)(1) (2005). Defendants admitted individual coverage in both their Answer and in response to Plaintiff's Request for Admissions. First, Defendants admitted jurisdiction in response to the following allegation: "Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce." (Am. Compl., at ¶9, DE #5); (Answer, at ¶9, DE #7). Likewise, Defendants admitted that Plaintiff was engaged in commerce or in the production of goods for commerce while employed in response to Plaintiff's Request for Admissions. (Request for Admissions, at ¶8, DE #18-3); (Response,

---

[4]Previous Defense counsel was terminated on May 18, 2011, and current Defense counsel filed a Notice of Attorney Appearance on June 6, 2011. Defense counsel had ample time to move to amend the Answer. Instead, the first time Defense counsel argued that the pleadings contained erroneous answers was in Defendants' Motion for Summary Judgment on August 8, 2011. (DE #15).

at ¶8, DE #18-4). As was discussed in more detail in the preceding section, *supra*, Defendants are bound by their factual admissions. Thus, the interstate component necessary for this FLSA action is satisfied.

Accordingly, after a careful review of the record and the Court otherwise being advised in the premises, it is

**ORDERED, ADJUDGED and DECREED** that Defendants' Motion for Summary Judgment **(DE #15)** is **DENIED.** The Court finds that it has jurisdiction over the FLSA claim. On Plaintiff's claim for overtime pay, the issues at trial are **limited** to damages. The issues raised by the pleadings regarding retaliation will be tried on liability and damages.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of December, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiffs*
**Lawrence Joseph McGuinness**
1627 SW 37th Ave
Suite 100
Miami, FL 33145
305-448-557
Fax: 305-448-9559
Email: ljmpalaw@netzero.com

*Counsel for Defendant*

**Tom John Manos**
Tom J Manos PA
One Brickell Square 9th Floor
801 Brickell Avenue
Miami, FL 33131
305-341-3100
Fax: 305-341-3102
Email: Tmanos@tjmlawfirm.com