UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20732-CIV-KING

HECTOR CORTINA,

      Plaintiff,

v.

F.A.D. DETECTIVE &
SECURITY SERVICES, INC.
and FRANCISCO ALTAMIRANO,

      Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT
## IN FAVOR OF DEFENDANTS

**THIS MATTER** is before the Court upon Defendants' Renewed Motion to Dismiss

for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion for Summary Judgment

(DE #65), filed April 27, 2012. Plaintiff responded (DE #67) on May 13, 2012. The Court

is therefore fully briefed in this matter. Upon careful consideration of the uncontested facts

in the record and the arguments set forth in the Parties' briefs, the Court finds that it must

grant summary judgment in favor of Defendants.

### I. Background

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"). Plaintiff Hector Cortina ("Cortina") alleges Defendants failed to pay him

overtime wages and fired him in retaliation for his complaining about Defendants' actions.

Prior to his termination, Plaintiff worked as a Security Guard for Defendant F.A.D. Detective & Security Services, Inc. ("F.A.D."), a corporation that provides security consultancy services, private detectives, and security guards for customers in Miami-Dade County, Florida. Defendant Francisco Altamirano, the Director of F.A.D., is an employer within the meaning of the FLSA. Plaintiff was assigned to guard grocery stores, including Presidente Supermarket and La Mia Supermarket.[1] In February 2011, Plaintiff Hector Cortina filed suit in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, seeking damages for Defendants' alleged violations of the overtime and retaliation provisions of the FLSA.[2] Defendants removed the above-styled action to this Court on March 3, 2011. (DE #1). On March 16, 2011, Plaintiff filed an Amended Complaint, to include a second plaintiff who has since been severed from the above-styled action.

Initially, Defendants denied that they owed any of the $42,187.50 sought by Plaintiff in overtime compensation, and denied that they terminated Plaintiff for retaliatory reasons. (Ans., DE #7; Joint Pretrial Stip, DE #40). Discovery closed on November 23, 2011, and the motion practice period ended November 28, 2011. (Scheduling Order, DE #17).

Then, on February 17, 2012, Defendants moved to dismiss the above-styled action upon tender of full payment, admitting that Defendants' records revealed that Plaintiff

---

[1]Plaintiff refers to a grocery store he guarded as "Mercado La Nina." Defendants, however, note that the correct name is "La Mia Supermarket," as they do not have any customers by the name "Mercado La Nina." The distinction is immaterial to this Court's analysis.

[2]Plaintiff's Complaint contained two counts: 1) Count I, alleging failure to pay overtime wages; and 2) Count II, alleging retaliatory firing.

worked 2,058.54 hours of overtime between August 28, 2008 and December 31, 2009. (Defs'

Mo. to Dismiss, DE #47; Altamirano Aff. ¶ 8, DE #47-4). In so moving, Defendants

conceded that they owed Plaintiff an additional $7,606.86 to satisfy the overtime rate, and

tendered a sum of $15,213.73, to include liquidated damages. (Defs' Mo. to Dismiss ¶ 14,

DE #47). Plaintiff rejected the tendered amount on the basis that it did not account for the

number of overtime hours that Plaintiff alleges he worked, Plaintiff's subsequent lost wages,

and attorney's fees and costs. (Pl's Resp. to Defs' Mo. to Dismiss, DE #51, at 3). Ultimately,

without reaching the merits, the Court denied Defendants' Motion to Dismiss on the basis

that it was untimely filed given that the deadline to file motions expired more than two

months prior.[3]

At the April 5, 2012 calendar call, the Court discussed with the Parties the evidence

to be presented at trial.[4] It soon became apparent that Plaintiff intended to offer only his own

unsupported testimony as proof of his contention that he worked in excess of the 2,058.54

overtime hours documented and admitted by Defendants. On that basis, the Court, consistent

with its responsibility to narrow the issues that remain in dispute after the close of discovery,

determined that only Plaintiff's retaliation claim would proceed to trial. The following day,

Plaintiff moved for clarification, arguing that Defendants' tendered amount did not fully

---

[3] On March 30, 2012, Defendants filed a second, nearly identical Motion to Dismiss. (DE #58). Again, the Court denied the motion on the basis that it was untimely filed. (DE #60).

[4] In addition, at the calendar call, Defendants' counsel orally moved to withdraw on the basis that his client has not and cannot pay him.

satisfy Plaintiff's claims for unpaid overtime damages. (DE #62).

In consideration of the foregoing procedural history, the Court entered an Order Continuing Trial. (DE #64). In its Order Continuing Trial, the Court cancelled the trial set for April 10, 2012 and gave Parties an additional thirty days "in which to file any and all motions they may wish to file directed at these issues." (DE #64, at 3). As the Court found Count I had been resolved at the Pre-Trial conference, the Court expected parties to file summary judgment briefs on the remaining retaliation claim. Defendants filed the instant Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion for Summary Judgment on April 27, 2012. (DE #65). Defendants' Motion, however, did not address the retaliation claim. Plaintiff failed to move timely for summary judgment on any issues.

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

Plaintiff's Complaint contains two counts: 1) Count I, alleging failure to pay overtime wages; and 2) Count II, alleging retaliatory firing. While Defendants' Motion addresses only Count I, the Court will analyze both counts. Upon careful consideration of the record and

the pleadings, the Court finds it must grant summary judgment in favor of Defendants on both counts.

### a. Count I: Recovery of Overtime Compensation

Count I of Plaintiff's Complaint alleges violations of the FLSA's overtime provision. Specifically, Plaintiff contends that the total amount owed is $42,187.50, plus liquidated damages. (Compl., DE #1-2, ¶12). Pursuant to the FLSA, an employer who violates the overtime provisions of the FLSA shall be liable to the employee affected in the amount of his unpaid overtime compensation and in an additional equal amount as liquidated damages. 29 U.S.C. §216. Defendants conducted a full accounting of F.A.D.'s payroll records, which showed the total amount of hours worked by Cortina, and concluded that Cortina is owed $7.606.86 to satisfy the overtime rate reflected in F.A.D.'s payroll records. Altamirano Affidavit, DE #47-4, at ¶8. Liquidated damages would bring the total amount owed to Cortina to $15,213.73. Defendants tendered this sum to Cortina, who refused the payment on the grounds that the tendered amount did not satisfy Plaintiff's claim for unpaid overtime damages. (DE #51, at 3).

F.A.D.'s payroll accounting was based on uncontroverted evidence, including Cortina's personnel files, unemployment compensation forms, IRS forms, employee information forms, earnings records, employee time sheets, and photocopied checks. Altamirano Affidavit, DE #47-4, at ¶5–7. These records reflect F.A.D.'s complete payroll records. *Id.* at ¶10. Cortina has not disputed the accuracy of Defendants' records.

Furthermore, Cortina has failed to produce any documents evidencing his unsubstantiated claim that he is actually owed $42,187.50 or more in overtime pay. Upon questioning by the Court at the pre-trial calendar call, Cortina's counsel admitted that Cortina has no documents, notes, diaries, payroll records, IRS records, or anything other than his vague recollection, to support his claims that there were un-recorded hours worked. Therefore, F.A.D.'s payroll records are the sole evidence of Cortina's hours and compensation. Defendants also filed on record a detailed History of Payments Summary depicting the amount of overtime wages to be paid to Cortina. (DE #58-5). As Defendants have tendered the actual amount of damages to Cortina and presented the Court with the entire payroll records relating to Cortina, the burden of proof shifts to Cortina to prove that he actually worked any additional overtime hours not reflected in F.A.D.'s payroll records.

This Court expressly stated at the April 5, 2012 pre-trial calendar call that the case law is very clear as to Plaintiff's burden of proof. Defendants have submitted the complete payroll records showing the total amount of hours worked by Cortina. In response, Cortina merely offers his own unsupported testimony that he worked un-recorded hours. However, that is not enough. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). To survive summary judgment, Cortina must present evidence showing "a sufficient disagreement to require submission to a jury or whether it is so on-sided that one party must prevail as a matter of law." *Allen v. Tyson*

*Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

Here, no evidence has been proffered other than Cortina's own unsupported testimony.

There is no record evidence disputing Defendants' records or showing that Cortina worked

in excess of the 2,058.54 overtime hours documented by Defendants. Therefore, the Court

finds Plaintiff fails to meet his burden of proof on Count I.

> **b.    Count II: Retaliation**

There is a dearth of evidence on the record regarding Plaintiff's retaliation claim.

Neither Plaintiff nor Defendants briefed the Court on any issues related to the retaliation

claim. Nevertheless, the Court finds it is appropriate to address the retaliation claim in this

Order. Although Defendants did not move for summary judgment on Plaintiff's retaliation

claim, district courts are widely acknowledged to possess the power to enter summary

judgments *sua sponte*, so long as the losing party was on notice that she had to come forward

with all of her evidence. *Celotex*, 477 U.S. at 326. Plaintiff's only evidence on the

retaliation claim consists of Plaintiff's Sworn Statement and Plaintiff's Supplemental Sworn

Declaration, in which Plaintiff states that he was fired because he complained to Defendants

that it was illegal for them not to pay him overtime. (DE #67-3, at 2, 4).

"The FLSA protects individuals from retaliation for asserting their rights under the

statute by making it unlawful for an employer 'to discharge or in any other manner

discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this chapter, or has

testified or is about to testify in any such proceeding. . . .' " *Wigley v. Western Florida Lighting Inc.*, 2005 WL 3312319, at *4 (M.D. Fla. Dec. 7, 2005) (quoting 29 U.S.C. § 215(a)(3)). "To prove retaliation under the FLSA, a plaintiff must show that: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's protected activity and the adverse employment action." *Id.* (citing *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000)).

Plaintiff fails to make a *prima facie* case for retaliation. At the summary judgment stage, Cortina needs more to prosecute his retaliation claim than a signed statement saying he was fired in retaliation for complaints about lack of overtime pay. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp.*, 477 U.S. at 323–24. A review of the record shows that Plaintiff's retaliation claim is a prime example of a factually unsupported claim that cannot survive the summary judgment stage. The Court finds that Plaintiff's failure to produce, after over one year of discovery, any evidence of retaliatory firing is fatal to Plaintiff's claims of retaliation.

## IV. Conclusion

Accordingly, upon a review of the record and the Court being otherwise advised, it is hereby

**ORDERED, ADJUDGED and DECREED** as follows:

9

1.      Defendants' Motion for Summary Judgment **(DE #65)** is hereby **GRANTED**.

2.      This case is **DISMISSED with prejudice.**  Jurisdiction is reserved for a

determination of fees and costs.

3.      The Clerk shall **CLOSE** this case.

4.      All other pending motions are **DENIED as moot.**

5.      Final judgment will be entered by separate order of the Court.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 18th day of May, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*
**Lawrence Joseph McGuinness**
1627 SW 37th Ave
Suite 100
Miami, FL 33145
305-448-557
Fax: 305-448-9559
Email: ljmpalaw@netzero.com

*Counsel for Defendant*

**Tom John Manos**
Tom J Manos PA
One Brickell Square 9th Floor
801 Brickell Avenue
Miami, FL 33131
305-341-3100

Fax: 305-341-3102
Email: Tmanos@tjmlawfirm.com